2UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Vashawn Greene, AKA Donald Lee,

                              Petitioner,

                -against-

Christopher Yehl, Superintendent of Wende
Correctional Facility,

                              Respondent.

_____

ANALISA TORRES, District Judge:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/2/2026____

23 Civ. 1596 (AT) (SLC)

**ORDER ADOPTING
REPORT AND
<u>RECOMMENDATION</u>**

Petitioner, Vashawn Greene a/k/a Donald Lee ("Lee"), brings this petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2018 New York State convictions

for burglary, robbery, assault, and grand larceny.  Pet. at 1, ECF No. 5.  As a result of his

convictions, he was sentenced to 14 years' imprisonment, with five years of post-release

supervision to follow, and is currently serving his sentence at Wende Correctional Facility.  *Id.*

at 1.  Lee argues that his constitutional rights to due process and to a fair trial were violated when

the trial court judge, the Honorable Mark Dwyer, denied his requests to pause his trial and order

that he undergo a competency examination.  *Id.* ¶ 12; *see also* Opp., ECF No. 16.  Pursuant to an

order of reference, the Honorable Sarah L. Cave issued a report (the "R&R") recommending that

the Court deny Lee's petition and dismiss the action.  *See* ECF No. 7 (order of reference); R&R

at 1–2, ECF No. 22; Objs., ECF No. 25; Resp., ECF No. 27.  For the reasons stated below, the

Court overrules Lee's objections, adopts the R&R in full, with certain clarifications explained

below, and denies Lee's petition.

**DISCUSSION**

I.      Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the Court reviews *de novo* those portions of the R&R to which the objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025) ("Where a litigant's objections take issue with a specific legal conclusion in the report and recommendation, they should be considered *de novo*, even if they repeat an argument raised before the magistrate judge." (quotation omitted)). However, the Court reviews for clear error "when the objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (citation omitted). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate [judge] but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

2

II. Lee's Objections

Lee objects to Judge Cave's conclusion that his petition fails to establish that his federal constitutional rights were violated when his state trial court counsel requested a competency hearing under New York Criminal Procedure Law ("C.P.L.") § 730.30 during trial, the state trial judge did not order one, and the appellate division affirmed that decision. *See* Objs. at 9–13; R&R at 23–24. Lee contends that Judge Cave did not analyze certain Second Circuit caselaw in reaching her conclusion—specifically, Lee argues that Judge Cave did not address whether Judge Dwyer discredited or rejected the indicia of incompetency when he decided not to hold a competency hearing. Objs. at 9–10. Because Lee objects to a specific legal conclusion, the Court reviews the conclusion *de novo*.

A. Antiterrorism and Effective Death Penalty Act of 1996

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, prohibits the Court from granting a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment that was adjudicated on the merits unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d). The Court must "give appropriate deference" to the "particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims." *Wilson v. Sellers*, 584 U.S. 122, 125 (2018) (quoting *Hittson v. Chatman*, 135 S. Ct. 2126, 2126 (2015) (Mem.) (Ginsburg, J., concurring in denial of certiorari)). AEDPA prohibits a petitioner from "using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Parker v. Matthews*, 567 U.S. 37, 38 (2012) (citation omitted). Accordingly, "[t]he

3

question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

Lee's objections concern Judge Cave's analysis under § 2254(d)(1). *See* Objs. at 9; Pet'r's Mem., ECF No. 2 at 22–23 n.10 (citing *Harris v. Kuhlmann*, 346 F.3d 330, 352, 354 (2d Cir. 2003) to state that the Second Circuit assesses the denial of a competency evaluation under § 2254(d)(1)). Under § 2254(d)(1), "[a] decision is an 'unreasonable application' of clearly established Supreme Court law if a state court 'identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case.'" *Brown v. Artuz*, 283 F.3d 492, 501 (2d Cir. 2002) (per curium) (alterations in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). "Stated simply, a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. In reviewing whether a trial court properly discharged its duty to hold a competency hearing when warranted by the evidence, "only the evidence before the court at the time its decision was made is pertinent." *Nicks v. United States*, 955 F.2d 161, 168 (2d Cir. 1992). "As with all habeas cases, a state court's factual findings about competency are presumed correct unless the petitioner rebuts them with clear and convincing evidence." *Diaz v. People*, No. 23 Civ. 3800, 2025 WL 3096497, at *17 (S.D.N.Y. Oct. 30, 2025) (citing *Harris*, 346 F.3d at 350–51).

"A writ cannot be granted simply because the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Jordan v. Lamanna*, 33 F.4th 144, 150 (2d Cir. 2022) (cleaned up). Rather, under a "'substantially higher threshold' than mere

incorrectness," the writ should be granted on the ground of unreasonableness only if "the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 150–51 (citation and internal quotation marks omitted).

The petitioner "bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated." *Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997). With respect to state court factual determinations, the petitioner also bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

B.  Application

Whether a defendant is competent to stand trial and be convicted is a fundamental feature of due process. *See Drope v. Missouri*, 420 U.S. 162, 172 (1975). Because the constitutional right not to be tried or convicted while incompetent spans the duration of a criminal proceeding, "a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial." *Musaid v. Kirkpatrick*, 114 F.4th 90, 109 (2d Cir. 2024) (quoting *Drope*, 420 U.S. at 181). The Supreme Court has "approved a test of incompetence which seeks to ascertain whether a criminal defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'" *Drope*, 420 U.S. at 172 (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). "[W]here the evidence raised a sufficient doubt as to a defendant's competence to stand trial, the failure of the trial court to conduct a competency hearing [or inquiry] *sua sponte* violates due process." *Musaid*, 114 F.4th at 108 (2d Cir. 2024) (alterations in

5

original) (quoting *Nicks*, 955 F.2d at 168).

Lee contends that under Second Circuit caselaw applying the test set forth in *Drope*, Judge Cave was required to determine whether Justice Dwyer discredited or otherwise rejected any indicia of competency when he denied Lee's requests for a competency hearing. Objs. at 10–11.

In *Harris*, the Second Circuit considered "all of the evidence before the state trial court" at the time of a petitioner's competency hearing and held that it was not "objectively unreasonable for the court to have denied [the petitioner]'s motion for a competenc[y] hearing." 346 F. 3d at 355. The *Harris* court found that "[a]lthough there was evidence to support the notion that [the petitioner] was incompetent," the trial court was "unwilling[] to credit" that evidence, and there was "evidence to the contrary." *Id.* at 355–56. In affirming the district court's determination to deny the petition, the court in *Harris* determined, therefore, that "[t]he trial judge, having observed [the petitioner] in the courtroom over the course of several proceedings and heard several days of testimony about [the petitioner]'s mental capabilities and demeanor, was in a better position to assess this evidence than [the court]." *Id.* In *Musaid*, the Second Circuit clarified that its holding in *Harris*, and other Circuit "case law does not suggest . . . that any time there is evidence of incompetency but also evidence of competency, the trial court's determination not *to engage in any inquiry* is reasonable without a qualitative assessment as to the evidence on both sides to ensure that no reasonable ground to doubt the defendant's competency remained." 114 F.4th at 116 & n.21 (emphasis in original).

Here, Lee raises three objections to Judge Cave's conclusion, and the Court addresses each in turn.

6

1. Defense Counsel's Arguments Before Justice Dwyer

Lee argues that the trial court had reason to doubt his competency because his counsel presented evidence to Justice Dwyer to suggest that he was incompetent including: (1) increased stress of the trial, manifesting in an outburst during trial; (2) dissatisfaction with specific portions of the voir dire and testimony; (3) the death of Lee's father; and (4) concern that he may no longer be receiving antipsychotic medication. Objs. at 10, 12. Lee contends that Judge Cave did not analyze whether Justice Dwyer discredited or rejected this evidence of incompetency when he denied Lee's request for a competency hearing. *Id.* at 10.

The state trial court must make a "qualitative assessment as to the evidence on both sides to ensure that no reasonable ground to doubt the defendant's competency remain[s]." *Musaid*, 114 F.4th at 116 & n.21. It is clear from the trial court record that when Justice Dwyer denied Lee's counsel's requests for a competency hearing, he qualitatively assessed defense counsel's arguments suggesting his incompetency and other evidence regarding his competency. When Lee's counsel requested a mid-trial competency hearing, the court considered the evidence suggesting Lee's incompetency and rejected or otherwise discredited it. Specifically, Justice Dwyer noted that although "[c]ertainly it's possible for somebody to be found to be fit and then come to be unfit . . . while [Justice Dwyer had] known him, [Lee had] given [Justice Dwyer] no signs that he doesn't understand what is going on." Mar. 19, 2018 Trial Tr. at 93, ECF No. 17-5.[1] Justice Dwyer rejected Lee's counsel's argument that the stress of trial could trigger Lee's symptoms of psychosis, and therefore, render him incompetent;[2] Justice Dwyer found that any

---

[1] Citations to the trial transcript submitted at ECF No. 17-5, and the other exhibits to Respondent's response at ECF No. 17, are citations to the ECF page number.

[2] The trial court previously ordered a competency examination for Lee in 2016, which resulted in his hospitalization from December 15, 2016, to January 31, 2017. *See* ECF No. 17-2 at 243 (Bellevue Hospital psychiatric examination results). After months of treatment, in September 2017, Lee was evaluated by two different psychiatrists, who determined that he was fit to stand trial. *See* R&R at 6; ECF Nos. 17-3 at 5 (order declaring that Lee was "no longer an incapacitated person"); ECF No. 17-4 at 7 (transcript of Oct. 17, 2017 pretrial proceeding where Lee's counsel

issue regarding Lee's incompetency was a "separate matter" and "[t]he stress of trial can affect anyone" Mar. 19, 2018 Trial Tr. at 61. Justice Dwyer concluded that although certain statements made in voir dire and trial testimony and the death of Lee's father may have upset Lee, and "those things are most unfortunate," they "do[] not make him incompetent if he doesn't show it." *Id.* at 94. When defense counsel raised concerns that Lee was not receiving his medication and asked for Lee to be placed on suicide watch, Judge Dwyer stated that he did "not mind" putting Lee on suicide watch; however, he did not express any doubt as to Lee's competency as a result. *Id.* at 98. Justice Dwyer also determined that after observing Lee during multiple proceedings,[3] Lee understood the nature of the proceedings, who Justice Dwyer and Lee's counsel were, and what their roles were in the proceedings. *Id.* at 94.

In affirming the trial court's decision not to hold a competency hearing for Lee, the appellate division held that "Justice Dwyer "providently exercised [his] discretion in denying defense counsel's midtrial request for a new competency examination," because Lee's "competency had been established . . . before trial, and there had been no evidence of a change in his condition that would have required the court to order another examination." ECF No. 17-2 at 161 (Appellate Division order). The appellate division also concluded that "[n]otwithstanding

---

confirms that he is fit to proceed to trial). Lee argues that Judge Cave's "reliance on []Lee's previous finding of competency" is misplaced. Objs. at 12. The objection is overruled. Judge Cave did not rely on the state trial court's determination as to Lee's pre-trial competency but rather considered it along with the "totality of the evidence before the trial court before, during, and after Lee's trial," including "extensive observations of Lee's engagement with and participation in the pretrial and trial proceedings." R&R at 23–24; *see United States v. Vamos*, 797 F.2d 1146, 1150 (2d Cir. 1986) ("[D]eference is owed to the district court's determinations based on observation of the defendant during the proceedings.").

[3] In the R&R, Judge Cave mentions that the trial court judge "observed Lee over multiple proceedings spanning several months." R&R at 24. To the extent that Lee objects to the R&R's characterization of the proceedings occurring over "several months" because Justice Dwyer did not preside over certain pre-trial proceedings, *see* Objs. at 9 n.2, the Court clarifies that Justice Dwyer observed Lee over various proceedings in March and October 2018, including: (1) a final pretrial conference on March 5, 2018; (2) trial on March 14, 15, 19, 20, 22, and 26, 2018; and (3) sentencing on October 25, 2018. *See* ECF No. 17-2 at 180 (summary of transcripts for proceedings before Justice Dwyer from state court records); *see also* ECF Nos. 17-4–17-6 (state trial court transcripts).

[Lee's] psychiatric illness, for which he had been treated, and his outburst in court, the record revealed his ability to understand the proceedings and assist in his defense." *Id.* at 161–62.

The Court agrees and finds that it was not objectively unreasonable for the trial court to deny Lee's requests for a competency hearing and for the appellate division to affirm that decision. The Court, therefore, overrules Lee's objections and adopts the R&R's recommendation to deny the petition. To the extent that the R&R does not explicitly set forth the state trial court's qualitative assessment of the evidence of Lee's competency and incompetency, as presented by his trial counsel, the Court clarifies that, based on the totality of the evidence before the state trial court, Justice Dwyer did not deny the requests merely because there was evidence suggesting Lee was competent and evidence to the contrary; instead, Justice Dwyer explicitly examined the contrary evidence and, having done so, determined that Lee was nonetheless competent.

### 2. Outburst During Trial

Next, Lee argues that Justice Dwyer expressed doubt about Lee's competency when Lee's counsel advised the court that he did not want to return to the courtroom during trial. Objs. at 7–8.

During the trial, Lee asked Justice Dwyer to inform him of the potential maximum sentence for his offense conduct. Mar. 19, 2018 Trial Tr. at 59. Justice Dwyer advised Lee that because he did not enter a plea agreement, the maximum term of imprisonment he could face was up to twenty-five years. *Id.* Lee then began yelling profanities, court officers removed him from the courtroom, and his counsel requested a competency hearing. *Id.* at 60–62. Lee's counsel notified the court that Lee did not want to return to the courtroom and expressed concern that Justice Dwyer was "assuming" Lee was of the right state of mind. *Id.* at 62–63. Justice

9

Dwyer rejected Lee's counsel's argument and stated that he was not "assuming anything" and would not assume "either way" regarding Lee's competency. *Id.* at 63. The Court rejects Lee's objection to the extent that the objection contends that Justice Dwyer's statement expressed doubt as to "Lee's ability to understand the proceedings." Objs. at 11. During the discussion between Justice Dwyer and Lee's counsel, Justice Dwyer did not indicate doubt as to Lee's competency. Rather, Justice Dwyer stated that instead of making an assumption as to Lee's competency, he would determine the necessity of a competency hearing if evidence necessitating such a hearing arose. *See* Mar. 19, 2018 Trial Tr. at 61–63 ("If he is still . . . fit as he was found to be, the trial should go forward . . . . I will not order a 730 during the course of the trial.[4] . . . The fact that the defendant chose to disrupt [the trial] will not be successful. . . . If there is a 730 concern here, we'll figure it out. . . . I think we're ready for the trial."). Lee's objection is, therefore, overruled.

### 3.    Suggestion to Hold Competency Hearing After Trial

Lee asserts that it was objectively unreasonable for Justice Dwyer to state his "intention to hold a competency hearing after the trial concluded" because such a suggestion shows that there was reason for Justice Dwyer to doubt Lee's ability to understand the proceedings. Objs. at 11 & n.5. Not so. As stated above, Justice Dwyer rejected counsel's arguments regarding Lee's incompetency and otherwise found that trial should go forward because there was no reason to doubt Lee's competency. *See generally supra*; *see also* Mar. 19, 2018 Trial Tr. at 97 (Justice Dwyer stating that he was "not about to give [Lee] a mistrial on a speculation that will turn out to not be true."). Justice Dwyer's willingness to consider defense counsel's requests "seriously" and to suggest ordering a hearing after the trial, *id.* at 94, 96, does not demonstrate

---

[4] "730" refers to C.P.L. § 730.30, the New York statutory provision requiring a court to issue a competency hearing if it believes the defendant may be incapacitated.

that he had doubt as to Lee's competence.  As Justice Dwyer stated, Lee had "given [Justice Dwyer] no signs that [Lee] doesn't understand what is going on."  *Id.* at 93.  And the trial court's decision to offer to afford Lee the opportunity to request a competency hearing after trial did not constitute a finding that there existed reasonable grounds to doubt his competence during trial. That is, "the Due Process Clause" does not "require[] a hearing in every instance," but rather "only if the court has 'reasonable cause' to believe that the defendant has a mental defect rendering him incompetent."  *United States v. Nichols*, 56 F.3d 403, 414 (2d Cir. 1995) (citations omitted).

Accordingly, Lee's objection is overruled.  Justice Dwyer's suggestion to hold a hearing after trial did not demonstrate doubt as to Lee's competency, and it was not, therefore, objectively unreasonable to deny Lee's counsel's requests for a hearing mid-trial.

III. Certificate of Appealability

A petitioner may appeal the denial of a § 2254 application only if the district court or the court of appeals issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c); s*ee also Lozada v. United States*, 107 F.3d 1011, 1016 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255 (2d Cir. 1997).  To obtain a COA, a petitioner must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (cleaned up); *see also Wright v. U. PO*, No. 10 Civ. 5127, 2021 WL 2779451, at *20 (E.D.N.Y. July 2, 2021).  Lee requests that, if the Court denies his petition, the Court issue a COA.  Objs. at 13. Because the Court finds that the questions presented by the petition are "debatable" among

11

reasonable jurists, *Miller-El*, 537 U.S. at 336, Lee is entitled to a COA, and his request for a COA is granted.

## CONCLUSION

The Court has reviewed *de novo* those portions of the R&R to which Lee properly objects and has reviewed the remainder of the R&R for clear error.[5]  For the reasons stated above, the Court OVERRULES Lee's objections, ADOPTS the R&R in its entirety, with the clarifications stated above, and DENIES the petition.  Lee's request for a COA is GRANTED.

The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated:  June 2, 2026
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[5] To the extent not explicitly discussed above, the Court finds no clear error in the unchallenged portions of the R&R.

12